SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

QUAYSHAUN CANADY,

                                              Plaintiff,

            -against-

THE CITY OF NEW YORK, POLICE OFFICER YURIY
AKOPOV, shield # 19909, tax # 944308, POLICE
OFFICERS JOHN DOES 1-3,

                                             Defendants.

-------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CV 13 3011

VITALIANO, J.

GOLD, M.J.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against the City of New York and several New York City Police Officers alleging that, on July 4, 2012, defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by falsely arresting him, using unreasonable force on him, assaulting and battering him, and denying him a fair trial. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## NOTICE OF CLAIM

5. A notice of claim was duly filed with the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

6. The City did not notice plaintiff for a 50-h hearing.

7. This action is brought within one year and ninety days of the arrest of plaintiff.

## PARTIES

8. Plaintiff is a resident of Queens.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

## STATEMENT OF FACTS

11. On July 24, 2012, at approximately 1:00 p.m., plaintiff rode his bicycle to his place of employment located at 2165 Ralph Avenue in Brooklyn to pick up his paycheck.

12. At all relevant times, plaintiff was obeying the law and was not acting in a suspicious manner.

13. At all relevant times, plaintiff did not ride his bicycle on the sidewalk.

2

14. At the above time and place, Officer Yuriy Akopov and three other police officers in uniform stopped and frisked plaintiff without legal justification.

15. Plaintiff complained about this mistreatment.

16. In response, defendants, acting in concert, twisted plaintiff's left arm, threw plaintiff against a wall, slammed plaintiff onto a police car, and handcuffed plaintiff excessively tight.

17. The defendants' use of force caused plaintiff to suffer injuries including pain, swelling and bruising.

18. Defendants arrested plaintiff and took him to the 63rd Precinct.

19 In the precinct, Officer Akopov, acting in concert with the other officers, falsely charged plaintiff with disorderly conduct, resisting arrest and riding his bicycle on sidewalk.

20. Plaintiff was eventually taken to Brooklyn Central Booking.

21. While plaintiff was held in Brooklyn Central Booking, Officer Akopov, acting in concert with the other officers, misrepresented to prosecutors that plaintiff engaged in disorderly conduct, resisted arrest and rode his bicycle on the sidewalk.

22. Officer Akopov assisted in the creation of a criminal court complaint charging plaintiff with disorderly conduct, resisting arrest and riding his bicycle on sidewalk.

23. The judge released plaintiff from court on July 5, 2012, at approximately 2:00 p.m., and granted plaintiff an adjournment in contemplation of dismissal. The charges were dismissed and sealed on January 4, 2013.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was incarcerated for approximately 25 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and pain, swelling and bruising.

## FIRST CLAIM

## (FALSE ARREST UNDER FEDERAL LAW)

25. Plaintiff repeats the foregoing allegations.

26. At all relevant times, plaintiff did not commit a crime or violation.

27. Despite plaintiff's innocence, the defendants arrested plaintiff.

28. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

## (UNREASONABLE FORCE)

29. Plaintiff repeats the foregoing allegations.

30. Defendants' use of force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

31. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

## (FAILURE TO INTERVENE)

32. Plaintiff repeats the foregoing allegations.

33. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

34. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FOURTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

35. Plaintiff repeats the foregoing allegations.

36. At all relevant times, plaintiff did not commit a crime or violation.

37. Despite plaintiff's innocence, the defendants arrested plaintiff.

38. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## FIFTH CLAIM

### (ASSAULT)

39. Plaintiff repeats the foregoing allegations.

40. Defendants' use of force upon plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

41. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SIXTH CLAIM

### (BATTERY)

42. Plaintiff repeats the foregoing allegations.

43. Defendants' acts of force upon plaintiff were offensive and nonconsensual physical contacts which injured him.

44. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

45. Plaintiff repeats the foregoing allegations.

46.     Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

47.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault and battery.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

a.  Compensatory damages in an amount to be determined by a jury;

b.  Punitive damages in an amount to be determined by a jury;

c.  Attorney's fees and costs;

d.  Such other and further relief as the Court may deem just and proper.

DATED:     May 22, 2013

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)